UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

DARLEANA JOHNSON,
individually and as next friend
of Child Plaintiffs AB, CD,
EF, and GH,
Plaintiffs,

vs.

HOUSING AUTHORITY                                   Civil No._____
OF SOUTH BEND;
DR. CATHERINE LAMBERG,
as Executive Director of the                        Jury Trial Demanded
Housing Authority
of South Bend; and
DEBORAH MOBLEY,
as Director of Public Housing
of the
Housing Authority
of South Bend,
Defendants.

## COMPLAINT

For her Complaint against the Defendants, Plaintiff Darleana Johnson ("Ms. Johnson"), by undersigned counsel, states to this Court:

### Introduction

1. This is a civil action seeking declaratory, injunctive and compensatory relief, with an award of attorney fees, and Jury Trial demanded on all issues so triable, to vindicate rights guaranteed by:

(a) the Fair Housing Act Amendments, 42 U.S.C. §3601, et seq. ("FHAA") and implementing rules;

(b) Section 504 of the Rehabilitation Act, 29 U.S.C. §794, et seq. ("§504") and implementing rules;

(c) Title II of the Americans with Disabilities Act, 42 U.S.C. §12132, et seq. ("ADA" or ("Title II") and implementing rules;

(d) all together with the Fourteenth Amendment to the Constitution of the United States, as embodied in 42 U.S.C. §1983, for Defendants' actions, taken under color of law, to willfully deprive Ms. Johnson of rights and privileges protected by the Constitution or laws of the United States.

2. She also pleads supplemental claims under Indiana law, as allowed by 28 U.S.C. §1367(a).

3. The circumstances under which she files this action are as follows:

(a) She filed, on January 31, 2022, a pro se action against the "South Bend Housing Authority" in this district, Case No. 3:22-cv-85, which Chief Judge DeGuilio dismissed for lack of subject matter jurisdiction, without prejudice "and with leave to file, as appropriate, in state court" by Opinion and Order of May 27, 2022 (doc. 10), at 6. A dismissal "for lack of subject matter juration is not on the merits", *Murray v. Conseco, Inc.*, 467 F.3d 602, 605 (7th Cir. 2006) and "consequently will not bar a later suit." *Bunker Ramo Corp. v. United Bus. Forms, Inc.*, 713 F.2d 1272, 1277 (7th Cir. 1983);

(b) The May 27 opinion likely reflected that court's view that her pro se case presented breach of contract and tort claims under state law, of which a federal district court lacked subject matter jurisdiction, thereby prompting the court's

2

reference to bringing a new case in state court. She does indeed have state law claims and pleads them in this Complaint as supplemental (pendent) claims;

(c) However, she also has claims based on federal law, of which a state court would have concurrent jurisdiction with a federal district court. If she filed those federal claims with her state claims in state court, Defendants could remove the entire case to federal district court under 28 U.S.C. §1441(a). Since she cannot split her claims between federal and state courts—all must be pleaded in one case—she now files this case in federal district court.

(d) Defendant Housing Authority of South Bend ("HASB") sued her in the case of *HASB v Darleana Johnson,* St. Joseph Superior Court, Small Claims Division, Cause No. 71D06-2204-EV-000622, interlocutory appeal pending *sub nom. Darleana Johnson v HASB*, Indiana Court of Appeals, **Cause No.** 22A-EV-01751. Indiana courts have held that, "[T]here are no compulsory counterclaims in the small claims division", *Buckmaster v. Platter*, 426 N.E.2d 148, 150 (Ind. App. 1981) and instructed:

The statute gives a litigant various options. He may assert his counterclaim in the small claims division if it is within the jurisdiction of that court. He may also choose to file his counterclaim in the small claims division although the amount claimed is in excess of the jurisdictional amount on the condition that he waives the excess. *Finally, the non-mandatory language of S.C.R. 5(A) indicates that a person need not file a counterclaim but may file a separate cause of action either in the small claims division or in the regular civil docket of the superior court.*

*Id.,* at150 (emphasis added).

(e) Since federal and Indiana state superior courts have concurrent jurisdiction to enforce the statutes upon which she sues in the present case, the

"non-mandatory" counterclaim may also be filed as an original action case in federal district court. *In re Beck's Superior Hybrids, Inc.*, 940 N.E.2d 352, 365 (Ind. App. 2011). See also, *Indiana Dep't of Pub. Welfare v. Payne,* 622 N.E.2d 461, 468 (Ind. 1993); *King ex rel. Jacob v. Sec'y*, 774 N.E.2d 1008, 1011 (Ind. App. 2002).

(f) Ms. Johnson's claims are not barred the the *Rooker-Feldman* doctrine "because [her claims arise from] the harassment and retaliatory actions of the HASB and not from the actual [pending] eviction itself." *Smith v. Hous. Auth. of S. Bend,* 867 F. Supp. 2d 1004, 1012 (N.D. Ind. 2012).

(g) She sues individually, and as next friend of her children AB, CD, EF, and GH (collectively "Child Plaintiffs"), who reside with her in the house they rented from HASB at 2500 Solomon Ave. in South Bend. The names and ages of the children are known to Defendants through information in HASB's files on the family.

Jurisdiction and Venue

This Court has subject matter jurisdiction of this case under (a) 28 U.S.C.§1331 because it is a civil action arising under the Constitution, laws, or treaties of the United States; and (b) 28 U.S.C. §1343(a)(1), (3) and (4) because Ms. Johnson seeks to recover, redress and secure damages and equitable relief for violations of the Constitution and laws of the United States. The Court may grant a declaratory judgment under 28 U.S.C.§2201 and Fed. R. Civ. Proc. 57, together with damages and other relief under the laws providing causes of action to Ms. Johnson.

4. Venue is proper in the Northern District of Indiana because the case arose principally in St. Joseph County, Indiana.

## Parties

5. Plaintiff Darleana Johnson is a competent adult Black woman residing with her children in property— a "scattered site" house-- she rents from HASB at 2500 Solomon Ave., South Bend, IN 46615.  Because of a mental disability for which she receives Social Security disability benefits, she has a mental impairment: which substantially limits one or more of her major life activities within the meaning of:

   (a) the FHAA, 42 U.S.C §3602(h)(1);

   (b) the Rehabilitation Act, 29 U.S.C. §705(20)(a)(i) and Section 504, 29 US.C. §794a; and

   (c) Title II of the ADA, 42 U.S.C. §12101(1)(a); and

   (d) is an "otherwise qualified individual with a" disability or handicap as defined by the statutes cited in (a), (b) and (c) above.

6. Defendant Housing Authority of South Bend ("HASB") is a public housing authority for low-income individuals and families and is funded principally by the United States Dep't. of Housing and Urban Development ("HUD"), with oversight from a board of commissioners appointed the mayor of South Bend. HASB's principal offices are located at 501 Alonzo Watson Dr., South Bend, IN 46601.

7. At its website, posted at this web address last visited on July 30: https://www.hasbonline.com/board-of-commissioners.,

HASB provides this screenshot of its "Mission Statement" in original all-capitalization:

> IT IS THE MISSION OF THE HOUSING AUTHORITY OF SOUTH BEND (HASB) TO PROVIDE SAFE AND AFFORDABLE HOUSING ASSISTANCE TO INDIVIDUALS AND FAMILIES IN A MANNER THAT IS RESPECTFUL, PROFESSIONAL AND SERVICE- ORIENTED.  THE HASB IS COMMITTED TO MAXIMIZE ITS EXISTING RESOURCES AND WORK IN PARTNERSHIP WITH THE COMMUNITY TO ASSIST RESIDENTS IN REACHING INDIVIDUAL AND FAMILY GOALS, INCLUDING THOSE OF SELF-SUFFICIENCY, THROUGH EDUCATION, INCREASING EMPLOYMENT AND HOMEOWNERSHIP OPPORTUNITIES.

https://www.hasbonline.com/board-of-commissioners, last visited July 30.

8. Defendant Dr. Catherine Lamberg is executive director of HASB and is responsible for the entity's operation, as well as its compliance with federal, state and municipal laws and rules.  Dr. Lamberg establishes and implements HASB's policy toward reenters and personally and willfully made decisions and took actions of which Ms. Johnson complains. Dr. Lamberg was aware of, and acquiesced in, actions taken by HASB employees toward Ms. Johnson, as well as the failures to act toward Ms. Johnson, by those employees.

9. Defendant Deborah Mobley is employed by HASB as director of public housing according to the minutes of HASB's Board of Commissioners meeting, July 26, 2022, at page 3, and posted at this web address last visited on July 30: https://www.hasbonline.com/board-of-commissioners. Together with Dr. Lamberg, Ms. Mobley personally and willfully made decisions and took actions of which Ms. Johnson complains. Ms. Mobley was aware of, and acquiesced in, actions taken by HASB employees toward Ms. Johnson, as well as the failures to act toward Ms. Johnson, by those employees.

10. HASB employs Defendants Lamberg and Morley and is responsible for their intentional and negligent acts because of the duty HASB has to comply with the statutes upon which Ms. Johnson states her claims. HASB is required to train and supervise Defendants Lamberg and Morley to assure compliance with those statutes.

## Facts

11. Before filing the present action, Ms. Johnson and her children, Child Plaintiffs AB, CD, EF, and GH experienced a severe mold accumulation problem in the house they rented from HASB at 2500 Solomon Ave. in South Bend. She notified HASB personnel, including Dr. Lamberg and Ms. Mobley, but HASB, Dr. Lamberg, Ms. Mobley, and other HASB employees responsible for correcting the mold problem failed or refused to act.

12. The mold problem impaired the health of Ms. Johnson and her children, requiring care by medical professionals.

13. At some point in 2021, Ms. Johnson requested an inspection of her house by officers of the City of South Bend Code Enforcement department. Following an inspection, the City of South Bend Dep't of Neighborhood Services and Enforcement notified HASB of habitability problems in the house rented by Ms. Johnson's family and directed that HASB undertake removal, cleanup and repair of the mold problems.

14. Ms. Johnson made multiple requests of Defendant Mobley to address the mold problem and to identify other possible "scattered site" HASB houses in which the

Johnson family might live other than the Solomon Ave. property. Ms. Mobley claimed other scattered site houses were not available when it appeared to Ms. Johnson that such properties were available.

15. Ms. Mobley and Defendant Lamberg took no effective action to address the mold problem before South Bend Code Enforcement had acted. I

16. In their actions and in refusing to act, Defendants Mobley ad Lamberg acted intentionally and with malice toward Ms. Johnson and her family.

17. HASB responded by demanding the Ms. Johnson and her family move from the Solomon Ave. house to a HASB high-rise property in another, more culturally isolated neighborhood, with less access to schools, shopping, entertainment and homes of friends. Ms. Johnson replied that, while she was willing to move temporarily while cleanup and repairs were underway, she wanted to return to the Solomon Ave. house after completion of the work. She explained that she and her children enjoyed the culturally integrated neighborhood of Solomon Ave., with good access to schools, shopping, entertainment and social life with friends.

18. HASB refused to meet her request to return to the Solomon Ave. house and:

(a) upon her refusal to vacate the Solomon Ave. house, sued her, April 7, 2022, in St. Joseph Superior Court Small Claims Division, in *HASB v Johnson*, Cause No. 71D06-2204-EV-000622. HASB's Small Claims Notice of Claim requested $10,000 in damages without specifying any factual basis for the claim or identifying any property damaged.

(b) The Notice of Claim did not seek eviction of Ms. Johnson and her family, but on June 24, at which Ms. Johnson appeared pro se, a Small Claims Magistrate conducted a hearing and entered a docket notation that he was issuing a "Final Order of Possession", which would evict the Johnson family effective August 1.

(c) Ms. Johnson left a handwritten letter in the mail slot of undersigned counsel's ("Hull") residence on or about July 6 requesting him to represent her. She stated in the letter that Indiana Legal Services, Hull's former employer, had declined to assist her because of, apparently, overloaded staff. Hull contacted Atty. Mark Torma, executive director of the Volunteer Lawyer Network, Inc. in South Bend, who advised that VLP could not accept a case if a governmental agency was an opposing party.

(d) The "Final Order of Possession" was not posted on the "my case Indiana" website until July 13, about the time Hull first contacted the Small Claims Court Administrator, entered his Appearance in the case and paid a Superior Court reporter to transcribe the record from the June 24 hearing. Ms. Johnson had previously paid $7.00 for a disc of the hearing, which she says is unintelligible, garbled and distorted. An interlocutory appeal of right now pends in the Small Claims case before the Indiana Court of Appeals, filed July 24, as *Johnson v HASB,* Cause No. 22A-EV-01751, with a Corrected Motion to Stay filed July 29 after the Small Claims Magistrate denied a motion to stay.

19. Prior to filing the Small Claims case, HASB refused Ms. Johnson's request for a meeting after having been served in the Small Claims case. After Hull appeared in

9

the Small Claims case, HASB's attorney in the Small Claims June 24 hearing, Tyrel R. Raggs of Crown Point, IN, said his client would not participate in a proposed conference call with Hull or comply with a public records request for HASB's file on Ms. Johnson.

## Causes of Action

### Incorporation of Previous Allegations and Basis for Allegations of Intent

20. Ms. Johnson incorporates the preceding paragraphs into each Claim stated below.  In each Claim she alleges Defendants Lamberg and Morley acted intentionally and purposely with full awareness that the actions or omissions were illegal. They have had the continual advice of legal counsel and are experienced professionals trained in public housing law and policy, including experience and training in matters of rights of individuals with disabilities and rights of public housing renters.

### Injury and Equity

21. As a direct and proximate result of the facts alleged above, Ms. Johnson and her children have suffered injuries to their health, been denied the economic and other benefits promised in their lease renting property from HASB, experienced discrimination and deprivation of their rights under the FHAA, Section 504, Title II of the ADA, the Fourteenth Amendment to the Constitution of the United States, and the common law of Indiana as alleged in the following Claims.  She and her children are without an adequate remedy at law and require this Court to award

appropriate declaratory and injunctive relief, in addition to any monetary damages awarded in a jury verdict.

## First Claim—Fair Housing Act Amendments

22. Ms. Johnson is an otherwise qualified resident and tenant with a handicap or disability of HASB.

23. HASB is a property owner of the Solomon Ave. house Ms. Johnson rents and landlord of Ms. Johnson and is required to conduct its rental practices in conformity with the Fair Housing Act Amendments.

24. Ms. Johnson requested that, if removing mold from her Solomon Ave. house required her family to move temporarily to a HASB high-rise property, that she and her children be allowed to return to the Solomon Ave property upon completion of the repair work. She explicitly told Defendants Lamberg and Mobley that she wanted to return to the Solomon Ave. property because it was in a community integrated setting with better access to services and facilities she needed because of her disability or handicap and which were necessary and beneficial to her children residing with her.

25. She explicitly told Defendants Lamberg and Mobley that a permanent move to the high-rise location would leave her and her children isolated from the integrated community and forced to deal with inferior community services and facilities.

26.     By her request to Defendants Lamberg and Mobley she asked for an accommodation for her disability or handicap and for her children who are associated with her because they live with her.

27.     HASB, Defendant Lamberg and Defendant Mobley violated the rights of Ms. Johnson and her children, solely on the basis of her disability or handicap, guaranteed under the FHAA by these acts, but not limited to (1) denial of her request for the accommodation; (2) unnecessarily attempting to segregate her and her children from a community of persons without disabilities or handicaps; (3) improperly evaluating and classifying her and her children because of her disability or handicap; (4) and denial to her and her children of services and benefits, to which they were otherwise entitled, because of her disability of or handicap, all in violation of the FHAA and HUD rules promulgated thereunder.

### Second Claim—Section 504 0f the Rehabilitation Act

28.     HASB is a recipient of federal financial assistance in the form of funding provided by HUD.

29.     HASB, Defendant Lamberg and Defendant Mobley denied benefits and services to Ms. Johnson, an otherwise qualified individual with a disability, solely on the basis of her disability, and to her children who are associated with her as co-tenants in the Solomon Ave. property.

30.     HASB, Defendant Lamberg and Defendant Mobley violated the rights of Ms. Johnson and her children, solely on the basis of her disability or handicap, guaranteed under Section 504 of the Rehabilitation Act by these acts, but not

limited to (1) denial of her request for the accommodation; (2) unnecessarily attempting to segregate her and her children from a community of persons without disabilities or handicaps; (3) improperly evaluating and classifying her and her children because of her disability or handicap; (4) and denial to her and her children of services and benefits, to which they were otherwise entitled, because of her disability of or handicap, all in violation of the Section 504 and rules promulgated by HUD and the United States Dep't of Justice thereunder.

### Third Claim—Title II of the ADA

31. HASB is a provider of a public service as defined by Title II of the AFA.

32. HASB, Defendant Lamberg and Defendant Mobley denied benefits and services to Ms. Johnson, an otherwise qualified individual with a disability, solely on the basis of her disability, and to her children who are associated with her as co-tenants in the Solomon Ave. property.

33. HASB violated the rights of Ms. Johnson and her children, solely on the basis of her disability or handicap, guaranteed under Title II of the ADA by these acts, but not limited to (1) denial of her request for the accommodation; (2) unnecessarily attempting to segregate her and her children from a community of persons without disabilities or handicaps; (3) improperly evaluating and classifying her and her children because of her disability or handicap; (4) and denial to her and her children of services and benefits, to which they were otherwise entitled, because of her disability of or handicap, all in violation of the Section 504 and rules promulgated by HUD and the United States Dep't of Justice thereunder.

## Fourth Claim—Denial of Due Process and Equal Protection
<u>under the Fourteenth Amendment</u>

34. At all times Defendants HASB, Lamberg and Mobley were acting under color of law within the meaning of 42 U.S.C.A. §1983 and the Fourteenth Amendment to the Constitution of the United States.

35. Defendants HASB, Lamberg and Mobley violated the rights of Ms. Johnson and her children guaranteed under the equal protection and due process clauses of the Fourteenth Amendment to the Constitution of the United States by these acts, but not limited to (1) denial of her request for the accommodation; (2) unnecessarily attempting to segregate her and her children from a community of persons without disabilities or handicaps; (3) improperly evaluating and classifying her and her children because of her disability or handicap; (4) and denial to her and her children of services and benefits, to which they were otherwise entitled, because of her disability of or handicap.

36. Defendants HASB, Lamberg and Mobley violated the rights of Ms. Johnson and her children guaranteed under the equal protection and due process clauses of the Fourteenth Amendment to the Constitution of the United States by not complying with the FHAA, Section 504, and Title II of the ADA, as stated in those Claims above.

37. Defendants HASB, Lamberg and Mobley violated the rights of Ms. Johnson and her children guaranteed under the equal protection and due process clauses of the Fourteenth Amendment to the Constitution of the United States by refusing to treat

their actions toward Ms. Johnson and her children as adverse administrative actions for which her lease and HUD rules required Defendants to hold an informal conference with Ms. Johnson before filing an eviction lawsuit against her.

### Fifth Claim—Supplemental Indiana State Statutory Habitability Claim

38. Pursuant to 28 U.S.C. §1367(a), Ms. Johnson requests this Court to exercise supplemental jurisdiction over this claim because it is so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

39. HASB is a landlord and failed in its statutory duty to comply with all health and housing codes applicable to the rental premises, as required by I. C. §32-31-8-5(2) in that it failed to prevent and then failed to remedy the accumulation of mold in the Solomon Ave. house.

40. Pursuant to I. C. §32-31-8-6, Ms. Johnson, the tenant (a) gave HASB and Defendants Lamberg and Mobley notice of the landlord's noncompliance with Indiana law by informing HASB of the mold problem and requesting remediation; (b) gave HASB a reasonable amount of time to make repairs or provide a remedy of the condition described in her notice; (c) did not prevent the landlord from having access to the rental premises to make repairs or provide a remedy to the condition described in the tenant's notice.

41. Despite her actions described in the previous paragraph, HASB and Defendants Lamberg and Mobley failed and refused to repair or remedy the condition described in her notice.

Sixth Claim—Supplemental Indiana State
Statutory Retaliatory Eviction Claim

42. Pursuant to 28 U.S.C. §1367(a), Ms. Johnson requests this Court to exercise supplemental jurisdiction over this claim because it is so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

43. Ms. Johnson, the tenant, engaged in the following activity protected by I. C. § 32-31-8.5-2 (1): complaining to the City of South Bend Code Enforcement authorities about a violation with respect to the Solomon Ave. property that materially affected her health and safety and that of her children.

44. HASB, the landlord, in retaliation for Ms. Johnson's code enforcement complaint, (a) brought an action for possession of the rental premises, (b) to evict the Ms. Johnson and her children from the Solomon Ave. property and (c) to terminate Ms. Johnson's rental agreement before the expiration of the term of the rental agreement, all in violation of I. C. § 32-31-8.5-4.

45. HASB's action of retaliation was effectuated by Defendants Lamberg and Mobley.

Seventh Claim—Supplemental Indiana State
Common Law Breach of Contract Claim

46. The lease between HASB and Ms. Johnson is a contract of which HASB has the signed original document.

47. By common law, contracts in Indiana incorporate all pertinent federal, state and municipal law.

48. Indiana cases hold that, unless a contract provides otherwise, it is implied that the parties intend to comply with all applicable statutes and city ordinances in effect at the time of the contract. *Alexander v. Linkmeyer Dev. II, LLC*, 119 N.E.3d 603, 614 (Ind. App. 2019).

49. By implied incorporation into the lease, HASB was required to comply with the FHAA, Section 504, Title II on the ADA, the due process and equal protection clauses of the Constitution of the United States, and Indiana statues on habitability of rented property and retaliatory evictions.

50. By failing to comply with the statutes and constitutional provisions cited in the previous paragraph, HASB and Defendants Lamberg and Mobley breached the lease contract.

51. Ms. Johnson and her children suffered health and economic injuries as a proximate cause of that breach.

## Jury Trial

52. Ms. Johnson and her children demand trial by jury on all issues so triable.

## Relief

WHEREFORE, Ms. Johnson and her children request that this Court:

A.   Issue a Declaratory Judgment stating the rights and responsibilities of all parties on each Claim, as permitted by 28 U.S.C. §2201 and Fed. R. Civ. Proc. 57;

B.   Upon motion duly noticed, grant preliminarily and permanent injunctions to implement the Declaratory Judgment or as otherwise needed;

C.   Conduct a jury trial and enter judgment on any adequate monetary verdict rendered;

D.   Award Plaintiffs reasonable attorney fees as prevailing parties under 42 U.S.C. §1988 and the other statutes allowing;

E.     Grant such other relief as may be necessary.

Dated: July 31, 2022

                                                Respectfully submitted,

                                                s/ *Kent Hull*_____
                                                Kent Hull
                                                Atty. No. 8580-71
                                                238 S. Hawthorne Dr.
                                                South Bend, IN 46617
                                                          574-287- 3806
                                                          hkent507@gmail.com
                                                         Attorney for Plaintiffs